UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Danny Fabricant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  20-765 (UNA) |
| | ) | |
| Federal Election Commission *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the complaint pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted ).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a federal prisoner incarcerated at the Federal Correctional Center in Lompoc, California. He purports to challenge the constitutionality of 52 U.S.C. § 30101(2)(A)(B), defining "candidate" under the Federal Election Campaign Act ("FECA"), but he has not alleged a constitutional defect. *See* Compl. at 1. Instead, plaintiff alleges that defendant Federal Election Commission ("FEC") relied on the challenged provision to disqualify him as a 2020 U.S. House of Representatives Republican candidate for the 30th Congressional District of California, *see* Compl. at 1-3, which alone does not raise a constitutional question. In addition, plaintiff has sued California Secretary of State Alex Padilla for allegedly

failing to list his name on the "March 3, 2020 [California] Primary Election ballot" since "his name was not on the list provided/transmitted by the FEC." Compl. at 2. Plaintiff alleges that his name will not appear "on the [California] November 3, 2020 general election ballot without an Order from this Court." *Id.* The controlling law provides:

> The Commission, the national committee of any political party, *or any individual eligible to vote in any election for the office of President may institute such actions* in the appropriate district court of the United States, including actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of this Act. The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

52 U.S.C. § 30110 (emphasis added). "Under § 30110, district courts do not certify frivolous [or wholly insubstantial] constitutional questions to the en banc court of appeals." *Holmes v. F.E.C.*, 823 F.3d 69, 71 (D.C. Cir. 2016) (internal quotation marks and citations omitted).

Although plaintiff claims to be a "political candidate," Compl. at 1, he also is an incarcerated felon. *See United States v. Fabricant*, No. 03-cr-01257-RSWL-1, 2015 WL 12857301, at *1 (C.D. Cal. Nov. 18, 2015) ("Defendant Danny Joseph Fabricant . . . is currently serving a life sentence after a jury convicted him of five counts of conspiracy to distribute, distribution of, and possession with the intent to distribute methamphetamine[.]") And "California prohibits felons in prison or on parole from voting." *Legal Servs. for Prisoners with Children v. Bowen*, 170 Cal. App. 4th 447, 452, 87 Cal. Rptr. 3d 869, 871 (2009), quoting Cal. Const., art. II, § 4; Cal. Elections Code section 2101. So, plaintiff can obtain no relief under FECA. A separate order of dismissal accompanies this Memorandum Opinion.

Date: April 21, 2020

                                          s/
AMY BERMAN JACKSON
United States District Judge